Appellate. Mr. Kramer for the Appellate. Mr. Jones for the Appellate. Mr. Kramer, good morning. Good morning, Your Honors. May it please the Court. There's a two-fold argument, I think, why the Appellate Waiver should not be given effect in this case. In Guillen, this Court said for a waiver to be knowing and intelligent, the Court must assure itself that the defendant is aware of and understands the risks involved. In the context of a plea bargain, such a determination is usually made at the plea hearing, in which the Court can fully explain the consequences by informing the defendant. Obviously, there is no decision of this Court that upholds a plea waiver where the defendant was not informed at the plea hearing about the waiver, asked if they understood it, and assented that they had understood that. So, the failure of that to be done in this case, and the government obviously had the chance to tell the magistrate judge who took the plea that it was not mentioned, nor was it mentioned that the sentencing effected the sentencing, the District Court said, you can appeal this sentence. Would your rule mean, therefore, that any time the appeal waiver is not mentioned at the plea hearing that it's an automatic reversal? No, it could be mentioned at the sentencing hearing. The judge could say at the sentencing hearing, now you've waived your plea, you understand that. Well, why would that matter? Isn't the sentencing hearing too late for that? Well, I was going to, I'm sorry, I meant to say if the defendant could respond in two ways, I think. Could say, oh, no, I didn't have any understanding of that, at which point I think, yes, it would not be given effect. Or the defendant could say then, yes, I know I did that, at which point it would be given effect. But I think where it's totally unmentioned, both at the plea and the sentencing, in fact, at the sentencing he was told the opposite, that he could appeal. So I think it, yes, where it's never explored, it would be inconsistent with Guillen to say that it can be given effect. And there is no case of this Court where it has been given effect, where it was not explained to the defendant at the plea hearing. And do we have a case where the defendant also did not attempt to withdraw his plea? Your client made no attempt to withdraw his plea. No, that's true. But there's another reason, I think, that in this type of appeal, a plea waiver can't be given effect. The claim in this appeal is that none of the conditions of supervised release were mentioned in the oral sentence, which is the sentencing, and yet they were added on to the written judgment. A defendant, it seems to me the whole concept of an appeal waiver is you're given an opportunity at the district court to argue your points. The district court hears your points and rules on them, and you accept that ruling by waiving your right to appeal. But when you've never had a chance to argue the points, that's antithetical, I think, to an appellate waiver. All right. So why didn't he move to withdraw his plea then? I mean, we're a step removed in this case from the error we're supposed to find. The error, according to you, is in the sentencing. I mean, that's where, let me see, where the harm occurred. In other words, he wasn't, by not moving to withdraw your plea, it seems you're saying he wasn't harmed by the failure to explicitly say you have waived your right to appeal. No, I think the harm is, the harm was not at the sentencing, actually. The harm was at the inclusion of the written judgment of terms that were never mentioned at the sentencing. And he doesn't, he's not asking, withdrawals of the plea wouldn't cure that. What, the only thing that would cure that is this court did in Love, an automatic rule that said it wasn't mentioned at the oral sentencing, it has to be deleted from the written sentencing. Back on the appeal waiver, if I could, the rule, as you know, says a variance from the requirements of this rule is harmless error if it does not affect substantial rights. And a number of courts, as you also know, have looked into, well, if the appeal waiver wasn't mentioned in the plea colloquy, we'll look for other evidence of whether the appeal And that other evidence could include the written agreement, the rest of the colloquy, which here, the judge said, have you gone over everything carefully? He said yes. Have you discussed it with your lawyer? Yes. Doesn't that show, even though there was a variance, as the rule says, from the requirements, that it was knowing, intelligent, and voluntary? I guess two things. First of all, he wasn't asked if he understood it, or if he was waiving, if he agreed to waive any of those rights. He was asked if he read it, yes. But the whole point of a knowing and intelligent waiver understands the risks involved. He wasn't asked anything, he wasn't even asked if he understood the plea agreement. He was asked if he had read it and gone over it with his lawyer. And had any questions about it? Yes, he was asked that, right. But he wasn't asked, do you understand the terms? The judge asked him about it. The question, do you have any questions about it, was a question about your understanding of it. I don't think any court has affirmed on such a record, though, let me put it that way. But I don't think that gets to the fundamental other argument, which is that the whole purpose of an appellate waiver is, not the whole purpose, but the underlying, I think the underlying basis is that you're given a chance to argue your points to the district court. And you take, the district court may rule one way or the other, and you've agreed to accept that. But in a case like this where the argument is that the written judgment contains terms that were never mentioned at the sentencing, and therefore you never have... That's blurring the two issues, I think. I mean, I'm trying to keep separate the appeal waiver from the error that occurred in the sentence, in your view. And I don't think you can when the claim is that the written judgment contains terms, not at the oral sentence. Because the waiver of appeal, like I said, is based on the fact that you get this opportunity to argue your points to the district court. It can't be, though, that your claim rests on opportunity, because he did have an opportunity in the sense that he was before the magistrate for the plea, before the judge for sentencing, he had an attorney. It's that, I think your point is that under our precedent, Rule 11 requires this active role by the district court judge or the magistrate judge upon consent. And absolutely, this court would not find harmless error. Isn't that your argument? I think that's the first argument, yes, absolutely. And in Godoy, this court said, and the government has a chance to correct any error at the Rule 11 and make sure that the appellate waiver... But I think when I say opportunity, what I mean is there was no opportunity to say, these are improper conditions of supervised release so they shouldn't be imposed. That's what I meant by opportunity. He had no opportunity to explain to the district court any objections to the terms that appeared in the written judgment. We don't get to that if the appeal waiver covers this. Well, that's the reason I think an appeal waiver can't cover something that would... An appeal waiver, I understand, can cover anything the judge says it's sentencing. Let me ask it this way. If the appeal waiver is valid, are you still arguing that it doesn't cover this claim? Yes, that it can't cover this claim because the defendant never had the opportunity to... So it may be a matter of semantics, let me put it that way. In my mind, that would be invalid. Right. But it could be, you could use the word valid, but it can't cover this situation. And I understand that the court has set out three circumstances, but those were never said to be exclusive. And here you have a situation where it's sentencing. When I say no opportunity, the fact that none of these conditions were ever mentioned is sentencing. The defendant had no opportunity to address any of them. And two of them were clearly never even mentioned, the special conditions of financial disclosure and financial restrictions. But let me ask you, aren't you insisting upon this active inquiry by the judge or the judicial officer? Because the pre-sentence report did mention these conditions. The conditions are set out in the commission guidelines. Your client had been on supervised release for four years, so he knew what I'll call standard conditions, and to the extent he was on notice. Now, I want to clarify, you say that the defendant was never given the opportunity to see the pre-sentence report sentencing recommendation. But was he not given the opportunity to see the part where the report refers to these financial conditions? So, no. Those would have been in the recommendation section, which was never provided to him in direct conflict with the rule, Rule 32b. So then on that basis, it's only the two financial conditions, I'll call the special conditions, that of which he had no notice? I believe they were mentioned in the pre-sentence report. But the conditions that appear in the written judgment were likely, I say likely because we haven't seen it, were likely contained in the confidential recommendation. And judges that do disclose that, they're always contained in their written recommendation. I do want to correct one thing, though, I think. He was on pretrial release for four years. Those were much different conditions than supervised release conditions. Those were just bail. I agree, but some of them are just standard. I mean, report. And I haven't challenged those. No, I know, but my point is there's a lot of overlap. And the rest of the conditions are written out in the commission guidelines. There's actually, I think, very little overlap. The reporting conditions on pretrial release, and I don't have to. Well, don't commit another crime. Don't use illegal drugs. I mean, those are just. Those are, yes, and I have not challenged those either. Right, I know. And nor did I say that they weren't mentioned at the sentencing. All I was trying to acknowledge is that your client was familiar with the notion that release might entail conditions. Yes. And presumably he knew as well or is deemed to know that the guidelines include a list of conditions. I'm just trying to understand where we are. So doesn't your argument have to be that Rule 11 contemplates this active inquiry by the district court judge? It's not enough simply to say to the defendant, have you read it? Do you understand it? Do you have any objections? You mean the pre-sentence report or, I'm sorry, read and understand it meeting the plea agreement? Sorry, I was talking about the plea agreement. I wasn't clear in my question. I'm sorry. Yeah. The plea agreement. Well, I think it's not enough to. Well, he was not asked in this case did he understand it. Let me preface it by that. Let me ask this then. Why are you resisting interpreting Rule 11 that way? Given the long history of Rule 11 where multiple courts have said there has to be this very, what I'll call, intense inquiry by the judicial officer considering whether to accept the plea. It's not enough to ask some general questions and place the burden on the defendant. I'm sorry if I'm not making that clear. I thought I started by quoting Ian and saying that's exactly what's supposed to happen. That the judge is supposed, the judge who takes the plea, it says this is ordinarily at the plea. The court must assure itself that the defendant is aware of and understands the risk. Then the court went on and said in the context of an appellate waiver, that's generally done at the plea state. So I do completely agree that it's supposed to be done in the Rule 11 colloquy, and that fact alone is sufficient to invalidate the waiver. But I also think when you have a claim that you were never given a chance to object to in the district court. Let me put it that way. The opportunity was not to, there was no opportunity to object in the district court to any of these conditions. But that just shows that there was an error in your view in the sentencing. And the problem, back to the preliminary problem, is that the appeal waiver seems to cover that. So the question for me, because I think you have a good argument on the merits, on the special conditions. But the argument for me, the issue for me is whether the appeal waiver is valid. And you keep saying that he wasn't asked if he understood it. But he was said, you can plead not guilty and have a jury trial. Do you understand that? Understand, the defendant says. You're giving up that right. Do you understand that? The defendant, yes, sir. You're giving up all the rights. You would have a trial. And then they go through, the judge goes through a number of rights. You're giving up all those rights. Yes, sir. After we finish today, there won't be much left to do except for Judge Sullivan to consider my recommendation that you plead guilty and proceed to sentencing. Do you understand that? Yes, sir. Now, the appeal waiver is never specifically mentioned. But then the court says, have you completely and thoroughly discussed this matter with Mr. Jeffress, who is the defendant's lawyer? The defendant says, yes, sir. Are there any questions you wish to ask before we go further? I don't have any questions. So that sounds like he understood the general waiver of rights and a lot of the specifics and had thoroughly discussed the plea agreement with his counsel. And the plea agreement, of course, included the appeal waiver. I don't think so for these reasons. He was asked a number of specific rights. So when you say general rights, he was asked about the waiver of jury trial, the waiver of cross-examination, things like that. And he was asked if he understood those specific rights. And he was asked if he had discussed the matter with Mr. Jeffress, not the plea agreement. And conspicuously absent from all the other specific rights that were addressed in the colloquy was the right to appeal, the waiver of the right to appeal. That's true, and that's why we're here. I'm discussing this. That should have been done, and it was not done, and that was an error. The question was what happens as a result of that. On the letter, though, later in the colloquy, it does say, the court says, there's a letter dated February 21st to Mr. Jeffress from the United States, and it is the plea agreement. Did you read this letter very carefully, defendant? Yes, I did, sir. Right, and did you understand it, and are you knowingly is significantly missing from that? He was just asked, did he read it? Well, then it says, do you understand, sir, by signing it, you agree that this is the agreement and that its terms may be enforced in your case. Yes, I understand, sir. I know, and again, the wording of that is you understand this is the terms, not you understand that you're giving up any of these rights. I mean, when the court said in Guillen, it has to be knowing and intelligent, and the court must assure itself that the defendant is aware of and understands this. I agree. It should be done. It wasn't done, and I get that. The question is we've got to deal with the harmless error part of the rule. Presumably, counsel discusses this with the defendant, and the defendant specifically indicated as much in the colloquy here, and presumably he was telling the truth when he said he had read the agreement. Now the appeal waiver has a lot of intricacies to it. I understand that. And the other thing I do want to say is you're right, it says sentencing, but this court has defined sentencing as the oral pronouncement of sentencing. So there's certainly an argument to be made that when the written judgment, which just contains different terms than the sentencing, that this appeal waiver doesn't cover that. Right. That's your argument. That's another argument. Even if the appeal waiver is valid, its terms didn't cover what happened here. I would say that's right. We may be in semantics again, but, yes, I would say that that's a good description, yes. Let me ask my original question a different way. If he had seen the sentencing report with the recommendations, if they had jibed orally and in written form, what would happen to your Rule 11 issue? It would be no different, frankly. I think it would have given the defendant would have had at least notice of what, notice from the recommendation of what the conditions were proposed, but that would not satisfy the fact that they were never mentioned at the oral sentence. And so I think, but I would expect that the, given that it was myself, I guess I would expect, I would have expected myself to have these recommendations and say, wait a minute, judge, some of these conditions should not be imposed. Some of them I object to others and everything, but there was no, again, no opportunity, if I'm using that word correctly, to do that because the recommendation wasn't disclosed. One thing. I think it's, I'm sorry. One thing no one has asked you is about 18 U.S.C. 3583E2. That is, he could move for modification. Not now. He's got to serve a year of supervised release, but he's free to do that. He is free to do that, but this court in Love said if the, if in the written judgment there's a provision that was not pronounced at the oral sentence, we vacate it. That's the rule. So you're correct, but he doesn't, he shouldn't have to do that when the, when first of all, they weren't mentioned at the oral sentence, and second of all, the waiver was never mentioned. A defendant, can he do that? Yes, but that's, but the law is that it has to be done at the oral sentence, and a defendant shouldn't have to do that to correct the error because we're on direct appeal and can raise that on direct appeal. So I don't, I understand that argument, but that's not sufficient to correct the error that was made in this case. Let me put it that way. In the air. This may just be my view, but I don't think district judges, I understand what the statutes provide and what the sentencing guidelines and Title 18 provide, but a district judge to ask him to fly spec all these conditions about, well, what do you mean about working diligently for my family? That is something that probation office is supposed to, and we're supposed to presume they act in good faith. That is, those details are things that the probation office is supposed to deal with, the interpretation of some of these vague terms in here, and I realize the Seventh Circuit has gone way out in my opinion on this the other way, but I think we have to look at this in a sort of real world view. Well, I think two things. Again, I don't think the Seventh Circuit was way out, but I'll put that aside. The conditions, as the government pointed out, have been changed significantly since these were imposed. To take account of most of those things that I've mentioned, actually, they actually define working regularly quite specifically in the new guidelines that were not used. So if the new guidelines, if the correct conditions had been imposed, I think a lot of my objections might not have been there because they actually define what work regularly means, and they actually define, they put in a lot of scienter requirements about associating with people involved in criminal activity. They define all kinds of other things that I've talked about, supporting dependents and all these things. So if those, again, if the- But then your argument is strongest, I thought, as to the special conditions. The special conditions, which were absolutely never mentioned. That's what I mean. That's why I said it's your strongest point. Clearly invalid. Because there had been a general reference to standard conditions, but no reference to these other special conditions. I agree and disagree, I guess. I agree that the special conditions were never mentioned at all, and therefore there was no, he said I'll impose standard conditions, and he didn't even say conditions. He said standard conditions without ever mentioning what standard conditions they were. So I view that as essentially identical, I guess, but you're right. The special conditions were never mentioned. And these are the financial, right? Financial- I thought the pre-sentence report recommended that something, the languages, the limitations and restrictions, the financial restrictions and limitations are recommended. I think it did. There's two. The financial disclosure, it's titled, and financial restrictions. I think you're right. I think they were mentioned in the pre-sentence. But that doesn't, that can't cure the court's statement in Love that, and it seems like they were mentioned in Love. They were actually imposed so the defendant had a chance to object to some, and then they were different in the written judgment. And the court essentially said that's an automatic rule, too, that if a condition is not mentioned in the oral sentence and yet appears on the written judgment, we vacate it. We remand it to the district court to vacate. The district court mentioned that there would be something in six months, a status conference, a review. Yes. Did that ever occur? He's not, he's still serving his sentence. He's still in custody. What was the district court referring to? I think six months, a number of judges hold, say, three or six months after someone is released from custody, they hold a status conference to see how the person is doing. Right. I'm pretty sure that's what that reference was to. And the 15% cut, what was that? Was that to the sentence or to the? The 15% cut refers to good time, which is actually also incorrect. It's not 15%. It's less than that, the way the Bureau of Prisons calculates it. The statute says up to 54. Anyhow, I won't get into that. Well, when is he due to get out? He got a stay to stay out until he took his son to college. I think he went in in September or October of last year. So he's not, he's served only a few months so far. Will he get out in 2018? He could be sent to a halfway house the end of this year, if depending on how much halfway house time they give him, because he could get up to six months and a half. He could be out theoretically the end of this year, most likely early right at the beginning of next year. Okay. We'll give you some time. Thank you very much. Thank you very much. Mr. Jones. May it please the Court, Luke Jones for the United States. This appeal should be dismissed because it falls within the scope of appellant's knowing and voluntary appeal waiver. And that's the standard here, whether the appeal waiver was knowing and voluntary. Here, all of the evidence points in that direction. The language of the plea agreement is clear as to the waiver. There's nothing about this appellant that suggests he would have had any difficulty comprehending that waiver. He's college educated. Indeed, his crimes in this case were complicated bank fraud and bribery of public official schemes. He was assisted by excellent counsel who affirmed, as appellant did, that they had read the agreement, and this is by their signature on the document, that they had discussed it, that they understood it, and that appellant was agreeing to the terms voluntarily. That is consistent with what happens at the plea colloquy. But you agree there was an error. Indeed, there was a violation of the Rule 11 requirement that the magistrate judge specifically inquire about that appeal waiver. But in this case, that is a red herring. Appellant is not seeking the relief he would be entitled to based on a Rule 11 analysis. And that's telling because appellant wishes to keep the benefits of his bargain, which were substantial. Well, couldn't he be saying that, had I been informed and fully understood the appeal waiver, I wouldn't have agreed to the appeal waiver and would have negotiated a plea agreement without the appeal waiver? Well, the plea agreement included the appeal waiver. There's nothing to suggest that if appellant didn't want to waive his appeal rights that the government was willing to concede as much as they did in this case. There's nothing to suggest that they wouldn't either. Well, I don't think that that speculation necessarily informs the ultimate decision here as to whether it was knowing voluntary. It's just hard to figure out what the purpose of the oral colloquy, which is so important and required by the rule, is if the failure to give it is always going to be harmless, even harmless error. Well, I don't think it's always going to be harmless. How could it not be? Give me some examples. Well, there are certainly cases where a court is reviewing, and I won't be able to cite a specific one, but any type of violation of Rule 11, whether it's a failure to review. No, let's go on the appeal waiver. The failure to mention the appeal waiver, assume a written plea agreement, failure to mention the plea waiver in the colloquy, my read of your position is that's always going to be harmless, at least absent something unusual, a fact that we've become aware of about the defendant. Well, I think that, right, if there were facts that suggested the waiver or the plea more generally were not knowing, intelligent, and voluntary. And that's where the court would look to the entire record. That's what they do in the prejudice prong of the Rule 11 analysis, and that's what they do when they're evaluating the validity of an appeal waiver specifically. The key here, and what Rule 11 is meant to do, is to ensure that these pleas are knowing and intelligent and voluntary. Exactly. Exactly. But there wasn't done here on the appeal waiver. Exactly, but it's not a necessary precondition to a plea agreement being enforced. And there's no magic combination or magic formula that the court has to follow for the appeal waiver to be valid. Isn't it in the government's interest to be certain that this is mentioned as a way of cutting off collateral attacks later on? I mean, you see the history of these cases. All efforts are made, as Judge Henderson was mentioning, to withdraw pleas many years after,  So what is the harm, as far as the government is concerned, to requiring this to be specifically inquired of by the district court? And it can't be harmless error. Well, it's not. The courts have recognized this is not a structural error in the process. But you would agree, as opposed to giving up some other things, one of the significant rights, at least the government has taken the position almost in recent years, that it's a key part of the government's agreement to a plea agreement. Absolutely. And if, for example, in this case, the prosecutor had stepped in during the colloquy to ensure that the magistrate judge had specifically inquired of the appeal waiver, presumably that would have cured the error in this case and precluded the appeal. Absolutely. Does your office have a practice now of doing that? I can't say specifically that our office has a checklist that every prosecutor brings to every plea colloquy, although I submit that's a good practice. But I know that the office takes pains in drafting plea agreements, and in the main run of cases during plea colloquies, to ensure that there isn't a Rule 11 violation that might raise the possibility that the plea agreement wasn't sufficiently known, intelligent, and voluntary, and that the record didn't sufficiently display that, such that an appellant or defendant would have an opportunity to back out of the deal if they later regretted it or on appeal to try to do an end-around of an agreement that they entered knowingly. It seems like the appeal waiver is so important, though, because the sentence could be completely botched and could be much higher than the defendant was reasonably anticipating. So inquiring into the defendant's knowledge of the appeal waiver would seem really important. Certainly important, but the appeal waiver here is not absolute. Appellant retained the right to appeal a sentence that was outside the guidelines, which is why you have in the Guillen case, where at sentencing, I believe it was, the district court made a statement about the defendant's right to appeal, which the circuit court recognized was not inaccurate, given that the defendant had retained some appeal rights, but largely waived his right to appeal his sentence, assuming it was within the confines of the terms of that waiver. I guess my point is it's pretty obvious by pleading guilty that you know you're giving up your right to trial. That's common sense. But you don't necessarily realize the sentence is going to be binding, even if erroneous, such that you couldn't appeal it. So it would seem especially important to inquire into that, which you've acknowledged that. So I'm just underscoring the importance of the appeal waiver on the sentence. And I want to respond to that before turning to the merits. I don't disagree that that, as a general matter, is true. In this case, the court needs to look to this record and make a determination about this defendant. And frankly, given the record and the able assistance of counsel in this case, it's difficult to comprehend that this appellant did not understand the terms of his agreement to include the appeal waiver. But he could be a financial genius and be a complete klutz as to sentencing. And isn't that sort of the assumption underlying Rule 11, that we don't make any assumptions on these important points? No, and I don't – I think the key analytical framework here is that, of course, inquiry at the colloquy is helpful. And it's erroneous not to do it.  And I think in this case, given the factors that we have before us, and given, frankly, the fact that appellant is not seeking relief based on this error, as you might typically expect under Rule 11, suggests that it's an effort to evade a knowing waiver rather than to suggest this plea agreement was not valid and that its waiver should not be enforced. And my supervisor reminds me that assistant U.S. attorneys, and I remember this now, are taught to, during plea colloquies, ensure that Rule 11 is followed. Obviously, it didn't happen here, but for the reasons we state, this court should enforce that waiver. You need to get to the merits. Thank you, Your Honor. I appreciate that. If the court reaches the merits in this case, we submit that plain error applies and that the court should resolve the case based on a decision that appellant has not alleged any error that is plain. We needn't address the alleged errors, although we don't concede those. How can plain error apply to the special conditions? The special conditions are more difficult in terms of notice for us to argue than the standard conditions, but recall that the pre-sentence report mentions them. During the sentencing hearing, the district judge asks the appellant if he's read the pre-sentence report, which he confirms. These conditions are not like the conditions in Love or other cases where a court— The district judge then says he's imposing the standard conditions or standard conditions. Correct. And there is a list of things that are encompassed within standard conditions. The special conditions were not, so I don't know that the defendant would have been on notice to object at that point on the ground that the special conditions would be imposed, and therefore I don't know how plain error could apply to those special conditions. Well, I think the reasons suggesting plain error should apply, they appear in the pre-sentence report. They apply effectively by operation in cases where there's a forfeiture. Standard conditions apply every time, and then for those special conditions listed in the guidelines, those apply in circumstances such as if you've got forfeiture, you're going to have these conditions. If you have a violation of X type of offense, you're going to have this condition. Courts, when wrestling with special conditions on appeal in the cases such as Love, are dealing with conditions outside of this quite routine imposition of whether standard or, in this category of special, conditions that appellants and appellant counsel, frankly, cannot be heard to complain that they were surprised when this shows up on the written judgment. Even on an abusive discretion standard, however, appellant raises no argument of prejudice resulting from these special conditions, let alone a substantive argument as to their invalidity or why they shouldn't apply in this case. What would the defendant have to show? Well, on abusive discretion, he would have to show that... If he hadn't shown prejudice, what would he have to show? Well, on abusive discretion, he would have to... The government would show that the error was harmless, meaning that it didn't have an impact on the outcome. And I think... Well, in our decision in Saro, we suggested that prejudice under a plain error standard in the sentencing context may not be as rigorous, that we want to be certain the district court got it right, so we remand for resentencing. It doesn't have all of the implications that... I think that's true. If I recall correctly, the Saro case dealt with an issue of... You cited, but for a different proposition. The term of imprisonment. I think that... Well, what I was trying to focus you on was you said the defendant hasn't shown any prejudice as a result of these special conditions. Correct. And my question was, how would the defendant show that? And what comes to mind is, he is released from incarceration, he's under these special conditions, and he wants to enter into certain agreements, credit agreements, other types of financial agreements, and he can't do it. So would he have to... What would his proper be? And isn't that why there's been all this emphasis about the sentence is the oral sentence? Well, to answer your first question, I don't know what his proper would be because I don't think there is any prejudice to him. I think the reason... I know you don't know. Right. But hypothetically, I asked you, what would the defendant have to show to show prejudice in the government's view? Perhaps if the sentencing condition was not in line with the requirements of 3583, it was completely untethered from his crimes. If it was, perhaps in a case like this, a restriction on his use of the Internet, or some other imposition of a condition that restricted his liberty to a more significant degree. Here, the basis and the reasons for these conditions are self-evident and completely in sync with not only his offenses, but the purposes of supervised release. And I want to respond to your second question, but it's escaping me. I'm sorry. So, now I recall, it was the question of whether the oral sentence and the written sentence and the fact of the oral sentence control in which appellant cites... The cases that appellant cites here, Jackson, Weathers, Booker, none of these cases are akin to the circumstances here. Jackson was a case where appellant challenged the reasons for an upward departure, and there was a debate about the importance of the statement of reasons, which allegedly conflicted. The Weathers case was also a substantive case about the term of incarceration, specifically whether a term ran consecutively or concurrently, and the court acknowledged that oral sentence controls, but even in that case, said the written judgment is not simply a ministerial act with no legal importance. The written judgment can, in many circumstances, including cases regarding supervised release, explain ambiguities in the sentence as long as there's not a direct conflict. We don't have that type of conflict here where the court said the sentence should be concurrent, but the written judgment says consecutive. Any more questions? If there are no further questions, we'd ask the court to dismiss or any alternative to affirm. Thank you. Does Mr. Cranmer have any time? Mr. Cranmer did not have any time. Okay, why don't you take a couple minutes? Thank you, Your Honor. I just want to say there was questions about the relief sought and withdrawal plea. This court has invalidated waivers of appeal in at least Godoy, Icardi, Guillen, and Kauffman, so they grant precisely, this court has granted precisely the relief seeking that the appellate waiver doesn't cover this condition in all four of those cases. In Icardi, it reaffirmed Guillen and talked about the importance of the district court confirming that the plea was. So that's a red herring by the government, because this court has granted the relief of invalidating the appellate waiver or allowing the appeal to proceed. What the government really said in answer to Judge Kavanaugh is yes, it's automatic. All we have in this case is the plea agreement, nothing else, and maybe they added on the condition that if the defendant is educated, but as Judge Rogers pointed out, educated in financial doesn't mean educated in the law or what an appellate waiver means. So they really are advocating for an automatic rule, despite the fact that this court has at least four times said that an appellate waiver can't be upheld. They mentioned also counsel having been. Able counsel, I think he said. Able counsel having been referred to at the plea colloquy where the judge specifically asked have you discussed all of this. But I think that's, again, really an automatic rule, because if it wasn't able counsel, the judge would never accept the plea to begin with, and there would be an ineffectiveness. So it's an automatic rule that as long as you have a lawyer who meets the ineffectiveness test. I don't see that that adds anything. Let me put it that way. Wouldn't, try to ask this as generically if I can. Wouldn't counsel ordinarily discuss the appeal waiver with a defendant signing an agreement? I have to say yes, because of course a lawyer is supposed to do that. In how much detail varies immensely amongst counsel, and of course I'm not going to comment on the particular counsel in this case. I was just asking a generic question. The only other two things I want to say. The government said about these conditions, but they're all discretionary. So without being mentioned at the sentencing, oral sentencing, the defendant had no idea which conditions the district judge was thinking of imposing. They said it was, and they said the reasons for these conditions are all self-evident. Well, let me give you one of the simplest ones. He can't leave the district. It says he cannot leave the judicial district. It doesn't say which district, first of all. But second of all, say it's Virginia. He can't even drive to D.C. without the permission of the probation officer. Well, don't the new policy statements clear that up? They do, but that's not the ones that were imposed here. Well, I know, but I meant to ask the government this. He's not on supervised release yet, but I can't believe they won't enforce the new interpretations. Well, they're supposed to enforce the conditions that the judge set them out in, the written judgment. In other words, they're going to interpret you can't go from Virginia to Maryland to D.C. in light of the interpretation given by the new policy statements. That's not at all clear to me. Well, then you can be back up here again. I did want to say. Well, I hope not. I hope we can resolve it this time. I would lop off Acardi on that list of four cases because there was no written waiver in that case. And that's the case where the defendant said I'll take lifetime, I'll take anything, just send me home. Right. They claimed it was an oral. Yes, you're right. They claimed it was an oral waiver. But what I'm saying is Acardi does join the cases where the government says there was a waiver of appeal and this court said no, there was not a valid waiver of appeal. And so we grant the relief that the defendant can appeal as opposed to the relief of withdrawal of plea. That's what I meant to include it as.  Thank you. Thank you.
judges: Henderson, Rogers, Kavanaugh